IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

DARNELL WASHINGTON,               )     CASE NO. 1:05 CV 577
                                  )
            Petitioner,           )     JUDGE JAMES S. GWIN
                                  )
      v.                          )     MAGISTRATE JUDGE
                                  )     WILLIAM H. BAUGHMAN, JR.
BENNIE KELLY,                     )
                                  )
            Respondent.           )     **REPORT & RECOMMENDATION**

## I.  Introduction

Before the Magistrate Judge by referral[1] is the pro se petition of Darnell Washington

for a writ of habeas corpus.[2]  Washington is now incarcerated in the Lorain Correctional

Institution after his conviction in consolidated cases by a Cuyahoga County, Ohio, jury on

numerous charges of trafficking in cocaine and preparation of cocaine for sale, all with

schoolyard specifications, as well as possession of cocaine and possession of criminal tools.[3]

Washington here asserts multiple grounds for relief[4] that the state contends are all

time-barred .  It argues that this petition was filed more than one year after the judgment in

Washington's case became final, and the limitations period was not tolled by Washington's

---

[1] ECF # 7.

[2] ECF # 1.

[3] *Id.* at 1; *State v. Washington*, No. 80418, 2002 WL 31401558, at *1 (Ohio App. 8 Dist. Oct. 24, 2002).

[4] ECF # 1 at 4-7.

intervening state filings.[5]  The state also maintains, in the alternative, that all of Washington's present grounds for relief, except the speedy trial and ineffective assistance of counsel claims, were waived when they were not asserted to the Ohio Supreme Court on direct appeal.[6]  Finally, the state contends in its supplemental brief that the speedy trial claim was not fairly presented to the Ohio courts as a federal constitutional question[7] and that the ineffective assistance of counsel assertion is without merit.[8]

The Magistrate Judge previously made a preliminary finding that Washington's petition was timely, but issued no report and recommendation.[9]  Instead, the parties were notified of the basis for the initial calculation and the state was ordered to brief the merits of Washington's grounds for relief,[10] which the state had not done in its initial response, though it had specifically reserved its right to so do.[11]  In response, the state supplied additional case

---

[5] ECF # 23 at 14-19.

[6] ECF # 43 at 17-20.

[7] *Id.* at 20-25.

[8] *Id.* at 25-29.

[9] ECF # 36.

[10] ECF # 36.

[11] ECF # 23 at 14, n.6.

authority for its position on timeliness and clarified a factual element of the record, which addressed the original basis for the Magistrate Judge's calculation.[12]

Washington was specifically afforded time within which to respond to the state's argument on the untimeliness of his habeas petition, especially to the state's citation to new authority.[13]  He has not done so.  Instead, he has erroneously presumed that the initial observation by the Magistrate Judge regarding timeliness – which, again, was not yet even a recommendation to the District Court – was somehow a final order and, thus, has improperly sought "enforcement" of that preliminary finding in numerous ways.[14]  He has also sought to "recast" his habeas petition as a 42 U.S.C. § 1983 claim.[15]

For the reasons that follow, the Magistrate Judge  recommends that Washington's petition be found to be untimely and so dismissed, thus rendering moot all pending motions except that seeking to convert the present petition to a § 1983 action, which, it is further recommended, should be dismissed without prejudice.

---

[12] ECF # 37.  The state styled this submission of additional authority and clarification of the record as a "motion for reconsideration" although the Magistrate Judge had made no report and recommendation nor, having no final jurisdiction, issued no final order to be reconsidered.

[13] ECF # 38.

[14] *See*, ECF ## 39, 40, 42, 45 and 47.  The state has responded at ECF # 41.

[15] ECF # 46.

## II.  Facts

As related in the state appellate opinion,[16] Washington was convicted at a retrial[17] on multiple charges arising out of his sale of crack cocaine to two confidential police informants in the Cleveland suburb of Bedford Heights.  Washington, who went by the street name of "Swell," sold the crack out of his apartment in transactions with the informants[18] that were, in some instances, recorded on both audio and video tape.[19] He was arrested in that apartment; which contained a digital scale, the pager used by the informants to contact Washington, and a bottle with cocaine residue; hiding with one of his children under the covers of the child's bedroom blanket.[20]

After the conviction on retrial, Washington appealed, raising 14 assignments of error.[21]  On October 24, 2002, the state appeals court rejected all of Washington's asserted

---

[16] Facts found by a state appellate court on review are presumed true by a federal habeas court absent a showing to the contrary by the petitioner with clear and convincing evidence.  *Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir. 2001).

[17] *Washington*, 2002 WL 31401558, at *3.  The trial judge in the first trial was found to have impermissibly cleared the courtroom during the testimony of one of the confidential police informants.

[18] *Id.*, at **1-2.

[19] *Id.*,. at *3.

[20] *Id.*, at *2.

[21] *Id.*, at *3.

assignments of error and affirmed the convictions.[22]  Washington, through counsel, moved for reconsideration,[23] which was denied.[24]

Washington, now proceeding pro se, thereupon timely appealed to the Ohio Supreme Court, raising just two propositions of law.[25]  The state opposed jurisdiction,[26] and on March 19, 2003, the Ohio Supreme Court denied leave to appeal.[27]  Washington did not file a petition for a writ of certiorari.

On June 13, 2003, Washington filed a state petition for habeas corpus, which was dismissed *sua sponte* by the state appeals court on the grounds that a claim of a speedy trial violation does not state a claim for habeas relief in Ohio and that "habeas corpus cannot be used as a substitute for appeal."[28]  Washington sought to appeal this dismissal to the Ohio

---

[22] *Id.*, at *1.

[23] ECF # 44 at 225-41.

[24] *Id.* at 242.

[25] *Id.* at 247-58.

[26] *Id.* at 317-23.

[27] *Id.* at 324.

[28] *Id.* at 327-28.  Washington's state habeas petition is not part of the record, and the state represents that it could not be located.  *See*, ECF # 23 at 10, n.2.

Supreme Court.[29]  The Supreme Court affirmed the decision[30] and denied a motion to reconsider.[31]

On September 1, 2004, Washington then moved the state trial court to vacate and set aside his convictions.[32]  After the state responded in opposition,[33] the motion was denied.[34] An attempt to appeal the denial[35] was dismissed *sua sponte*.[36]  A second pro se motion to vacate and set aside the convictions was filed on January 26, 2005.[37]  After a response was filed by the state,[38] this motion was also denied by the trial court.[39]

---

[29] ECF # 44 at 330-31.

[30] *Id*. at 332.

[31] *Id*. at 333.

[32] *Id.* at 337-39.

[33] *Id*. at 340-43.

[34] *Id.* at 351.

[35] *Id.* at 353.

[36] *Id*. at 354.

[37] *Id*. at 357-60.

[38] *Id.* at 363-68.

[39] *Id.* at 367-70.

While this second motion to vacate the sentence was pending, Washington moved the trial court to dismiss his case for lack of jurisdiction.[40]  Again, the state opposed the motion,[41] and, again, this motion was denied by the trial court on February 18, 2005.[42]

On February 3, 2005, Washington filed the present petition for federal habeas relief, alleging nine grounds for relief:

> Ground One – Petitioner was denied due process of law when "convicted" by an invalid search warrant that made the conviction "void".  The State's conviction is null and void based on a Due Process Violation of the Fourteenth Amendment of the United States Constitution.

> Ground Two – The court erred by sentencing the petitioner to consecutive prison terms in violation of R.C. 2929.14 and R.C. 2929.19(B)(2)(c) of the Revised Code [sic].

> Ground Three – The Petitioner was denied his Fourth Amendment Right to [be free from] illegal search and seizer [sic] when the invalid search warrant was circumvented in the two trials held on April 5, 2000 and September 25, 2001.

> Ground Four – The court erred in denying the petitioner his Speedy Trial Right guaranteed by the Sixth Amendment to the United States Constitution.

> Ground Five – The petitioner was denied ineffective [assistance] of counsel [sic] guaranteed under the Sixth Amendment of the United States Constitution.

> Ground Six – The misconduct of former corrupt prosecutor Aaron Philips tainted the proceeding denying the petitioner a fair trial guaranteed by

---

[40] *Id*. at 371-72.

[41] *Id.* at 375-79.

[42] *Id.* at 380-81.

-7-

the provision of the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

Ground Seven – The petitioner was denied his liberty without Due Process of Law when the trial court lacked subject matter jurisdiction by fruits of an invalid search warrant presented to the grand jury to obtain an indictment that was not a true bill under the Constitution.

Ground Eight – The petitioner was denied effective assistance of counsel during the appellate proceeding when Appellate counsel failed to omit [sic] the "stale" search warrant and affidavit to [sic] his brief on appeal. By virtue of advising to raise this egregious error at the Supreme Court instead of by application of reopening pursuant to App. R. 26(B) that he never informed his client of by deceit of his egregious error on appeal.

Ground Nine – The petitioner is requesting this Honorable Court for Bail pending review of petition of habeas corpus for good cause shown in the records that validates the judgment is "void" on its face that clearly demonstrates a fundamental miscarriage of justice in the case before the court.[43]

# III. Analysis

## A. Applicable law – timeliness of habeas petition

Pursuant to 28 U.S.C. § 2244(d)(1)(A) a person in state custody has one year from the conclusion of his direct appeal or the date for making such challenge to seek the Great Writ in federal court. The Sixth Circuit has held that this one-year limitations period does not commence until the day after a petition for a writ of certiorari is due in the United States Supreme Court, or for an additional ninety days.[44]

---

[43] ECF # 1 at 4-7.

[44] *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

Under 28 U.S.C. § 2244(d)(2), the time during which a properly filed application for state post-conviction relief is pending  – plus time to petition for a writ of certiorari from a denial of that relief by the state's highest court on appeal, regardless of whether such a petition for certiorari was actually filed – is not counted toward the one-year limitations period.[45]

An application for post-conviction relief is deemed "properly filed" under the tolling statute when "it is delivered to, and accepted by, the appropriate court officer for placement in the official record ... in compliance with the applicable laws and rules governing filings."[46] The Supreme Court explained this holding by noting that if "an application is erroneously accepted by the clerk of a court lacking jurisdiction, or is erroneously accepted without the requisite filing fee, it will be *pending*, but not *properly filed*."[47]

The Sixth Circuit has further clarified this teaching on when a state post-conviction application is "properly filed" so as to warrant tolling of the time period for federal habeas relief by stating that, for tolling to apply, a state post-conviction action must have been filed in the proper court for such relief as defined in state law.  In *Williams v. Brigano*,[48] the Court held that attempts to "seek relief through avenues that are not available," do not toll the time

---

[45] *Abela v. Martin,* 348 F.3d 164, 172-73 (6th Cir. 2003) (en banc).

[46] *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  *Accord*, *Walker v. Smith*, 360 F.3d 561, 563 (6th Cir, 2004).

[47] *Artuz*, 531 U.S. at 9 (emphasis in original).

[48] *Williams v. Brigano,* 238 F.3d 426, No. 99-3913, 2000 WL 1871682 (6th Cir., Dec. 11, 2000).

requirement for a federal habeas action.[49]  The *Williams* panel then specifically observed that since Ohio does not permit a state habeas corpus petition except to challenge the jurisdiction of the trial court, the filing of an Ohio habeas petition for any other purpose would not be a "properly filed" state post-conviction application as would toll the federal habeas time limitations period.[50]

## B.    Washington's petition is untimely

Here, Washington's direct appeal was finally concluded in the Ohio Supreme Court on March 19, 2003.[51]  Although he did not seek certiorari subsequent to this decision, the federal habeas limitations period, absent tolling, began the day after the 90-day period for seeking certiorari expired, or June 21, 2003.

Accordingly, absent tolling, Washington's federal habeas petition would need to have been filed by June 21, 2004 to be timely.  Since the petition was not filed until February 3, 2005, there would need to have been tolling in order for Washington's petition to survive the state's assertion of the affirmative defense of untimeliness.[52]

At the time the one-year limitations "clock" would normally have begun running at the conclusion of direct appeal plus the period for certiorari, Washington had a state petition

---

[49] *Id.*, at *2.

[50] *Id.*

[51] ECF # 23, Ex. 30 (entry of decision) and 31 (docket sheet).

[52] The statute of limitations is not jurisdictional but, rather, is an affirmative defense. *Scott v. Collins*, 286 F.3d 923, 927 (6th Cir. 2002).  The state here has asserted that defense.

for habeas corpus pending that did not challenge the jurisdiction of the state trial court but only raised a state law speedy trial argument.[53]   Although the petition was dismissed *sua sponte* by the Ohio appeals court on July 9, 2003,[54] it is the pendency of this post-conviction petition in state appellate court plus the nearly five and a half months during which an appeal of the denial of this application was pending before the Ohio Supreme Court[55] which form the basis for any claim that this petition is timely because of tolling.[56]

Given that a state habeas remedy was not available, as a matter of state law, for Washington's speedy trial claim, and that federal law does not permit tolling of the limitations period for "[a]ttempts to seek relief through avenues that are not available,"[57] the Magistrate Judge recommends finding that the time during which Washington's state habeas petition, or any subsequent appeals from its dismissal, were pending before Ohio courts did not toll the federal habeas limitations period.

---

[53] *See*, ECF # 44 at 327-29.  As previously noted, the actual state habeas application is not part of the record.  The reference here is to the state appeals court decision dismissing that application as one not stating a claim for habeas relief in Ohio. *Id.* at 327.

[54] *Id.* at 327-29.

[55] *Id.* at 333.

[56] Washington's request to have the Ohio Supreme Court reconsider its ruling on affirming the dismissal of his state habeas petition, and the subsequent denial of that motion, would also have not tolled the federal statute. *See*, *DiCenzi v. Rose*, 452 F.3d 465, 468-69 (2006) (procedural motions before the Ohio Supreme Court do not toll the federal habeas limitations statute).

[57] *Williams*, 2000 WL 1871682, at *2.

Accordingly, Washington's federal habeas limitations period was running from June 21, 2003 – the conclusion of the period within which Washington could have sought certiorari from the final state denial of his direct appeal – until June 21, 2004, when he was required to have filed a federal habeas petition to be judged timely.  Instead, Washington filed no federal petition within this time period and only sought additional state post-conviction relief on September 4, 2004 – well beyond the federal habeas limitations period – when he filed a motion to vacate and set aside his sentence.[58]  Since Washington's federal habeas petition was filed on February 3, 2005, with no intervening events that would toll the limitations period, the Magistrate Judge recommends that the petition be considered untimely and that it now be dismissed.[59]

Nor can Washington avail himself of equitable tolling.  Equitable tolling requires that a court consider the following five factors: (1) the petitioner's lack of notice of the filing requirements; (2) the petitioner lack of constructive notice of the filing requirements; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the requirement for filing his claim.[60]

---

[58] ECF # 23, Ex. 37.

[59] Inasmuch as untimeliness has been shown to exist prior to the filing of the state motion to vacate, the Magistrate Judge need not consider the tolling effect of that motion.

[60] *Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005).

This list of factors should not be considered comprehensive; nor will all factors necessarily apply in all cases.[61]  Rather, "courts must consider equitable tolling on a 'case-by-case' basis."[62]  Moreover, "[a]bsence of prejudice is a factor to be considered only after a factor that might justify tolling is identified."[63]  The petitioner bears the burden of persuading the court that he is entitled to equitable tolling.[64]

Here, although Washington has raised the argument that the claims in his petition should not be barred by untimeliness because to do so would deny him relief on meritorious grounds,[65] he has not proffered any reasons to excuse filing this petition beyond the time provided by statute.  Indeed, he has implicitly recognized the unexcused untimeliness of this habeas petition by his motion to save the claims asserted here by converting them to a § 1983 action.  Accordingly, there is no basis for concluding that he is entitled to equitable tolling of the limitations period.

---

[61] *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).

[62] *Griffin*, 399 F.3d at 635.

[63] *Allen*, 366 F. 3d at 401-02 (quoting *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir.2003)).

[64] *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005).

[65] *See*, ECF # 46 at 1-2 attempting to recast his habeas petition as a § 1983 claim so as to allow his claims to proceed without the barrier of a "procedural legal defense to a State Court judgment that's null and void."

## IV.  Conclusion

For the foregoing reasons, the Magistrate Judge recommends that Washington's petition for a writ of habeas corpus be dismissed as time-barred and that all pending motions be deemed moot.

Dated:  January 31, 2007            <u>s/ William H. Baughman, Jr.</u>
                                                 United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[66]

---

[66] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).