UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

DARNELL WASHINGTON, : CASE NO. 1:05-CV-577
:
        Petitioner, :
:
vs. : OPINION & ORDER
: [Resolving Docs. No. 1, 37, 39, 40, 42,
BENNIE KELLY, : 46, 47, 48, 51, 52, 53, 54, 55, 56]
:
        Respondent. :
:

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

      With this Opinion and Order, the Court considers whether to adopt the Report and Recommendation of Magistrate Judge William H. Baughman, Jr. that advises the Court to deny Petitioner Darnell Washington's ("Washington") habeas corpus application filed under Section 2254 of Title 28 of the United States Code. [Doc. 48.] The Magistrate Judge found the petition untimely because Washington filed it beyond the one-year statute of limitations allowed by Section 2254. *Id.* As a result, Magistrate Judge Baughman recommends the Court deny Washington's petition. *Id.*

      Washington objects to Magistrate Judge Baughman's report, alleges that he filed a timely federal habeas corpus petition, and complains that the Report and Recommendation fails to address the merits of his underlying claims. [Docs. 51, 52, 53.] Respondent Bennie Kelly ("Kelly") does not object to Magistrate Baughman's report.

      In addition to his objections to Magistrate Judge Baughman's Report and Recommendation, Washington has filed several related motions. [Docs. 39, 40, 42, 46, 47, 54, 55, 56.] This Opinion

-1-

Case No. 1:05-CV-577
Gwin, J.

and Order addresses all of Petitioner Washington's objections and outstanding motions.

Pursuant to Section 636(b)(1) of Title 28 of the United States Code, the Court has reviewed *de novo* those portions of the Report and Recommendation objected to by Petitioner Washington. For the reasons set forth in the Report and Recommendation and discussed here, the Court **ADOPTS** the findings of Magistrate Judge Baughman and **DENIES** Washington's petition for writ of habeas corpus. Further, the Court deems as **MOOT** all other pending motions in this case and **DISMISSES WITHOUT PREJUDICE** Washington's request to bring a Section 1983 action.

## I. Background

This section provides the facts and procedural history of Petitioner Washington's instant Section 2254 application, as well as Washington's objections to Magistrate Judge Baughman's January 31, 2007 Report and Recommendation.

### A. Facts and Procedural History

Beginning in October 1999, Petitioner Washington became the subject of an undercover narcotics investigation during which he sold cocaine base (crack) to confidential police informants from his apartment in Bedford Heights, Ohio. *See State v. Washington*, Case No. 80418, 2002 WL 31401558 (Ohio App. Dist. Oct. 24, 2002). On October 13, 1999, the police executed a search warrant at Washington's apartment and arrested him. *Id.*, at *1. While searching Washington's apartment, the police found a digital scale, the pager used by the confidential informants to contact Washington, and a baby food bottle containing cocaine residue. *Id.*, at *2.

Based on his October 1999 drug deals, the grand jury indicted Washington on eight charges of state drug law violations. *Id.* However, before his arraignment, Washington again came under investigation for additional cocaine sales. *Id.* The grand jury indicted Washington on the new

-2-

Case No. 1:05-CV-577
Gwin, J.

charges and the state court consolidated his cases. *Id.* Washington went to trial in April 2000 and the jury convicted him. *Id.* Washington sought and received a retrial based on procedural error and, on September 15, 2001, a second jury returned verdicts of guilty on Washington's October 1999 drug charges. *Id.*, at *3. Washington unsuccessfully appealed his conviction through the Ohio Supreme Court. *See, e.g.*, Doc. 48.

On February 3, 2004, Petitioner Washington, *pro se*, filed his instant federal application for writ of habeas corpus, which the United State's Clerks Office docketed on February 15, 2004. [Doc. 1.] In his federal application, Washington asserted various grounds for relief, including claims that the Ohio courts violated his Fourth, Sixth, and Fourteenth Amendment rights by relying on a "stale" search warrant and denied him a speedy trial. *Id.* Washington also asserted claims for ineffective assistance of counsel. *Id.* Specifically, Washington petitioned the Court as follows:

> Ground One – Petitioner was denied due process of law when "convicted" by an invalid search warrant that made the conviction "void." The State's conviction is null and void based on a Due Process Violation of the Fourteenth Amendment of the United States Constitution.
>
> Ground Two – The court erred by sentencing the petitioner to consecutive prison terms in violation of R.C. 2929.14 and R.C. 2929.19(B)(2)(c) of the Revised Code [sic].
>
> Ground Three – The Petitioner was denied his Fourth Amendment Right to [be free from] illegal search and seizer [sic] when the invalid search warrant was circumvented in the two trials held on April 5, 2000 and September 25, 2001.
>
> Ground Four – The court erred in denying the petitioner his Speedy Trial Right guaranteed by the Sixth Amendment to the United States Constitution.
>
> Ground Five – The petitioner was denied ineffective [assistance] of counsel [sic] guaranteed under the Sixth Amendment of the United States Constitution.
>
> Ground Six – The misconduct of former corrupt prosecutor Aaron Philips tainted the proceeding denying the petitioner a fair trial guaranteed by the provision of the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

Case No. 1:05-CV-577
Gwin, J.

> Ground Seven – The petitioner was denied his liberty without Due Process of Law when the trial court lacked subject matter jurisdiction by fruits of an invalid search warrant presented to the grand jury to obtain an indictment that was not a true bill under the Constitution.
>
> Ground Eight – The petitioner was denied effective assistance of counsel during the appellate proceeding when Appellate counsel failed to omit [sic] the "stale" search warrant and affidavit to [sic] his brief on appeal. By virtue of advising to raise this egregious error at the Supreme Court instead of by application of reopening pursuant to App. R. 26(B) that he never informed his client of by deceit of his egregious error on appeal.
>
> Ground Nine – The petitioner is requesting this Honorable Court for Bail pending review of petition of habeas corpus for good cause shown in the records that validates the judgment is "void" on its face that clearly demonstrates a fundamental miscarriage of justice in the case before the court.

*Id.*

On April 21, 2005, the Court referred this matter to Magistrate Judge Baughman for a Report and Recommendation. [Doc. 7.]

On September 8, 2005, Respondent Kelly filed a return of writ in which he disagreed with Petitioner Washington's grounds for habeas relief and, further, contended that Washington filed his Section 2254 petition too late. [Doc. 23.] Respondent Kelly argued that Washington waived all of his grounds for relief, except the speedy trial and ineffective assistance of counsel claims, which, Kelly said, Washington also forewent by failing to assert them on direct appeal to the Ohio Supreme Court. *Id.* In addition, Kelly argued that Washington filed his petition more than one-year after the final judgment in his case and that his intervening state habeas filings did not toll the federal statute of limitations. *Id.* As a result, Respondent Kelly concluded that the Court should reject as untimely Petitioner Washington's Section 2254 application. *Id.*

On December 5, 2006, Magistrate Judge Baughman issued a preliminary Order that posited Washington may have presented a timely Section 2254 application. [Doc. 36.] However, because

-4-

Case No. 1:05-CV-577
Gwin, J.

"the state [had] presented no arguments as to the merits of any of Washington's grounds for relief, save a brief footnote that it has not waived such arguments," Magistrate Judge Baughman ordered Respondent Kelly "to submit any response to the merits of this petition on or before January 4, 2007, or have such arguments deemed waived." *Id.* In addition, the Magistrate Judge afforded Washington "time within which to respond to the state's argument on the untimeliness of his habeas petition, [and] especially to the state's citation to new authority." [Docs. 38, 48.]

On December 26, 2006, Respondent Kelly replied to the Magistrate Judge's request and offered additional support for his previously-raised statute of limitations defense and further argument against the merits of Washington's federal application. [Docs. 43, 44.] Petitioner Washington did not reply to the Magistrate Judge's request; instead, Washington filed several "objections" and motions "in opposition" to the Magistrate's December 5, 2006 Order. *See* Docs. 39, 40, 42, 45, 46, 47.

On January 31, 2007, Magistrate Judge Baughman submitted his Report and Recommendation to the Court. [Doc. 48.] In it, the Magistrate Judge recommends that the Court dismiss Washington's Section 2254 application as untimely. *Id.* Magistrate Judge Baughman also recommends that the Court moot all of Washington's other outstanding motions, with the exception of Petitioner's attempt to "recast" his habeas corpus petition as a Section 1983 claim, which the magistrate recommends the Court dismiss without prejudice. *Id.*

**B. Petitioner Washington's Objections to the Report and Recommendation**

On February 12, 2007 and February 15, 2007, Petitioner Washington raised five objections

Case No. 1:05-CV-577
Gwin, J.

to Magistrate Judge Baughman's January 31, 2007 Report and Recommendation.[1/] [Docs. 51, 52, 53.] Respondent Kelly did not object.

Although enumerated, Washington's five objections substantially overlap. *See* Docs. 51, 52. In his first and second objections, Petitioner Washington complains of presumed procedural defects in Magistrate Judge Baughman's December 5, 2006 Order. That Order requested additional information from the parties on the merits of and defenses to Washington's 2254 application. [Docs. 51, 52.] Generally, Washington says that Magistrate Judge Baughman "had no authority or jurisdiction to entertain [Respondent Kelly's] Reconsideration to overrule the Court's decision on Dec. 5, 2006."[2/] *Id.* Washington also claims that Magistrate Judge Baughman "made an error of law in [his] Report and Recommendation to find the petition untimely based on a Motion for Reconsideration that introduced newly discovered Sixth Circuit Opions [sic] that was not presented in the first Court Order that found the petition timely." [Doc. 51.] Petitioner concludes that the doctrines of *res judicata* and waiver bar the Court from considering Kelly's response to Magistrate Judge Baughman's December 5, 2006 Order and, consequently, asks that the Court disregard the January 31, 2007 Report and Recommendation as "contrary to law." *Id.*

In his third objection, Washington says that Magistrate Judge Baughman "made an error not to 'recast' the petitioner's petition for a writ as a 1983 action claim to allow him damages of his

---

[1/] As originally drafted, Washington's February 12, 2007 objection labels four "Undisputed Facts." [Doc. 51.] On February 12, 2007, Petitioner Washington filed a supplemental pleading to include Page Three, which he accidentally omitted from his initial objection. [Doc. 52.] On February 15, 2007, Washington filed a motion for leave to correct a typographical error in his initial objection. [Doc. 53.] In this Opinion and Order, the Court recognizes that Washington's response to Magistrate Judge Baughman's Report and Recommendation contains five objections.

[2/] On December 13, 2006 and January 5, 2007, Washington made similar arguments in his "Motion 'Objection' for Error of Law of Order on Dec. 4, 2006" and "Reply to Respondent's Second Answer / Return to [sic] Writ Motion to Strike." [Docs. 39, 47.] The Court incorporates Petitioner's arguments in these filings in this Opinion and Order.

-6-

Case No. 1:05-CV-577
Gwin, J.

Fourth Amendment Right's [sic] to the illegal search of his apartment that was a result of a void search warrant of Oct. 8, 1999." *Id.* As basis for this objection, Washington cites *Haring v. Prosise*, 462 U.S. 306 (1983), for the proposition that a state prisoner does not face automatic estoppel from "launching a 1983 action for damages against officers who alledgely [sic] had unlawfully search of his apartment." *Id.* Washington asserts that the "District Judge must reject the Magistrate Judge['s] Report and Recommendation as incorrect and adopt the petitioner's undisputed facts and evidence to "recast" his petition as a 1983 action to allow his claims . . . ." *Id.*

In his fourth and fifth objections, Washington raises issues of substance. *See* Docs. 51, 52. Namely, Petitioner asserts that the "stale" search warrant for his apartment violated "Ohio's Crim. Rule 41(c) three day rule that violates the Fourth Amend. Right to illegal search and seizer [sic]." *Id.* Washington says that "[t]he District Judge must in the interest of justice find the [Magistrate] Court made an error of law for ommision [sic] of duty to not vacate a void judgment in State Court by the void search warrant of Oct. 8, 1999 that was prima facie 'stale' on its face." *Id.* Washington further contends that, based on *United States v. Kaufman*, 394 U.S. 217 (1978), "when a prisoner has been convicted in State Court on the basis of evidence obrained [sic] in an illegal search and seizer [sic]," a court must grant him relief under Section 2254. [Doc. 52.]

In this Opinion and Order, the Court addresses each of Washington's objections and motions in turn, starting with those related to the timeliness of Petitioner's habeas corpus application.

**II. Legal Standard**

The Federal Magistrates Act requires a district court to conduct a *de novo* review of those portions of a Report and Recommendation to which an objection has been made. 28 U.S.C. § 636(b)(1). Parties must file any objections with the Clerk of Court within ten days of the report's

-7-

Case No. 1:05-CV-577
Gwin, J.

issuance. *Id.* Parties waive their right to appeal a Magistrate Judge's recommendation if they fail to object within the time allotted. *See Thomas v. Arn*, 474 U.S. 140, 145 (1985).

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), governs a federal court's standards of review for state court decisions. Section 2254(d) of the AEDPA states that federal courts may not grant a habeas petition for any claim that the state court adjudicated on the merits unless the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). *See also Miller v. Francis*, 269 F.3d 609, 614 (6th Cir. 2001).

The United States Supreme Court outlined the proper application of Section 2254(d) in *Williams v. Taylor*, 529 U.S. 362 (2000). To justify a grant of habeas relief under the "contrary to" clause, "a federal court must find a violation of law clearly established by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision." *Miller*, F.3d at 614 (internal quotations omitted) (citing *Williams v. Taylor*, 529 U.S. at 412). "[U]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 408.

The Sixth Circuit has noted that, even if a federal court could determine that a state court incorrectly applied federal law, the court still could not grant relief unless it also finds that the state court yielded an unreasonable ruling. *See Simpson v. Jones*, 238 F.3d 399, 405 (6th Cir. 2000) (citation omitted). Moreover, the reviewing federal court presumes the correctness of the state

-8-

Case No. 1:05-CV-577
Gwin, J.

courts' factual findings and may only diverge from them if the petitioner shows the state court's error by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

To gain relief under Section 2254, a state prisoner must file his habeas corpus petition within one year from conclusion of his direct appeal or the date for making such a challenge to seek writ in federal court. *See* 28 U.S.C. § 2244(d)(1)(A). In the Sixth Circuit, this one-year limitation begins on the day following the deadline for a writ of certiorari from the United States Supreme Court, or for ninety days thereafter. *See Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

To determine if the one-year grace period has expired before a prisoner files a Section 2254 petition, a court does not count periods during which a "properly filed" application for state post-conviction or other collateral review with respect to the pertinent judgment is "pending." 28 U.S.C. §§ 2244(d)(2), 2554(d). In these situations, a petitioner must not only meet the procedural requirements of "properly filed" and "pending," but must also indicate the specific federal law that would permit the tolling. Federal law does not permit tolling of the limitations period for "[a]ttempts to seek relief through avenues that are not available." *Williams v. Brigano*, 238 F.3d 426, Case No. 99-3913, 2000 WL 1871682 (6th Cir. Dec. 11, 2000).

Section 2254's statute of limitations does not prevent a court from granting relief in cases involving equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001). The Sixth Circuit considers the following factors in determining the appropriate application of equitable tolling: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirements; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and, (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Id. See also Griffin v. Rogers*, 399 F.3d 626, 635 (6th

Case No. 1:05-CV-577
Gwin, J.

Cir. 2005). "The petitioner bears the burden of demonstrating he is entitled to equitable tolling." *See, e.g.*, *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citation omitted).

### III. Analysis

### A. Statute of Limitations

The Court agrees with Magistrate Judge Baughman that Washington presents an untimely Section 2254 application. The Ohio Supreme Court concluded direct review of Washington's conviction on March 19, 2003 when it dismissed his direct appeal as not involving any substantial constitutional question. *See* Doc. 23 at Exh. 30. Adding ninety days for Washington to file a writ of certiorari with the United States Supreme Court, *Bronaugh*, 235 F.3d at 283-84, Petitioner Washington's judgment became final on June 21, 2003. Thus, the federal one-year statute of limitations began to run on that day.[3]

Despite this, Washington did not file his present petition until February 3, 2005. [Doc. 1.] In the interim, Washington did not file any other motions which would keep the federal statute of limitations from running.[4] Because Washington filed his federal habeas corpus petition on February 3, 2005, with no intervening events tolling the limitations period, his application comes too late.

The doctrine of equitable tolling does not save Washington's Section 2254 application. After

---

[3] As of June 21, 2003, Washington had a state habeas corpus petition outstanding, which raised an Ohio law speedy trial argument. *See, e.g.*, Doc. 44 at 327-29. On July 9, 2003, the Ohio appeals court dismissed Washington's state habeas application *sua sponte*. The pendency of this state habeas petition does not toll Washington's federal application, because, as correctly noted by Magistrate Judge Baughman, Washington did not have available to him a state habeas remedy as a matter of Ohio law. *See* Doc. 48 at 11. The federal law does not permit tolling of the limitations period for "[a]ttempts to seek relief through avenues that are not available." *Williams*, 2000 WL 1871682, at*2. As a result, Washington's pending state habeas petition did not toll the federal statute of limitations.

[4] Washington sought additional state relief on September 1, 2004, well-beyond the federal habeas statute of limitation, when he filed a motion to vacate and set aside his sentence. *See* Doc. 44 at 337-39. Respondent Kelly opposed Washington's motion, which the Ohio courts then denied. *Id.* at 351. Subsequently, the Ohio courts then denied, *sua sponte*, Washington's appeal of his motion's denial. *Id.* at 353-54.

Case No. 1:05-CV-577
Gwin, J.

reviewing the record, the Court agrees with Magistrate Judge Baughman that Washington's application does not merit the Court's exercise of equity. *See* Doc. 48. By waiting over seven months past the June 21, 2004 deadline to file his federal habeas corpus petition, Washington did not demonstrate diligence in pursuing his Section 2254 rights such that the Court should apply equitable tolling. *Dunlap*, 250 F.3d at 1008-09. Although Washington asserts he has meritorious claims, he does not provide the Court with any specific reason to excuse his filing beyond the time provided by the statute. *See* Docs. 1, 51, 52. In fact, as correctly noted by the Magistrate Judge, Washington "implicitly recognize[s] the unexcused untimeliness of this habeas petition by his motion to save the claims asserted here by converting them to a § 1983 claim." *See* Doc. 48, at 13.

"The petitioner bears the burden of demonstrating he is entitled to equitable tolling." *Yukins*, 366 F.3d at 401. Washington does not bear this burden because he does not provide any evidence of efforts made on his part thwarted by anything other than his own delay. Consequently, the Court cannot appropriately grant him equitable relief. *Dunlap*, 250 F.3d at 1008-09.

Therefore, because Washington filed his federal habeas corpus petition over seven months too late and no grounds exist for statutory or equitable tolling, the Court finds Washington's Section 2254 petition untimely.

### B. Washington's Objections

Even if the Court could consider Washington's claim as timely, it would find that his Section 2254 petition lacks merit.

In his first and second objections to Magistrate Judge Baughman's Report and Recommendation, Washington says that the doctrines of *res judicata* and waiver bar the Court from considering the results of Magistrate Judge Baughman's December 5, 2006 Order and January 31,

Case No. 1:05-CV-577
Gwin, J.

2007 Report and Recommendation. [Docs. 51, 52.]  The Court disagrees.

*Res judicata* does not apply to Magistrate Judge Baughman's December 5, 2006 Order or his January 31, 2007 Report and Recommendation.  Under the Sixth Circuit's articulation of *res judicata*, the following elements will bar a claim:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies;' (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997) (citations omitted).

None of these elements apply either to Magistrate Judge Baughman's December 5, 2006 Order or his January 31, 2007 Report and Recommendation.  Neither of these documents qualify as "final decision[s] on the merits," "subsequent action[s]," or "ident[ies] of the causes of action."  Instead, Magistrate Judge Baughman's December 5, 2006 Order represents a request for additional information that the court sought to clarify the record and complete its analysis of the issues.  [Doc. 36.]  Once the magistrate received the parties' input he issued to the Court his January 13, 2007 Report and Recommendation, subject to the Court's consideration and adoption.  [Doc. 48.]  To clarify, this Opinion and Order qualifies as "a final decision on the merits by a court of competent jurisdiction" and, as such, all issues previously litigated in this matter become *res judicata* upon entry of this judgment.  Magistrate Judge Baughman's earlier Order and recommendation to the Court did not have this preclusive effect.  *See also* FED. R. CIV. P. 54 ("In the absence of such determination (an express direction that there is no just reason for delay), any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment

-12-

Case No. 1:05-CV-577
Gwin, J.

adjudicating all the claims and the rights and liabilities of all the parties.").

Similarly, the doctrine of waiver does not apply to Respondent Kelly's statute of limitations defense in this action. The Court conducted a thorough review and finds that Respondent Kelly correctly raised the affirmative defense in his return of writ. *See* Doc. 23 at 14-19. That Magistrate Baughman did not initially adopt Respondent Kelly's legal analysis in his December 5, 2006 Order did not preclude him from doing so in his January 31, 2007 Report and Recommendation, after receiving additional argument. In fact, had the magistrate not done so, the Court would have come to the same conclusion on its *de novo* review of Washington's objections to Magistrate Judge Baughman's recommendation. Thus, the Court rejects Petitioner Washington's first and second objections to the January 31, 2007 Report and Recommendation.

As his third objection, Washington says that Magistrate Baughman erred by not "recasting" his 2254 application as a Section 1983 action for civil damages. [Doc. 51.] As a threshold matter, the Court notes that Washington's reliance on *Haring v. Prosise*, 462 U.S. 306 (1983), a full faith and credit case with tangential Fourth Amendment considerations, provides no guidance on the "recasting" issue raised by Washington. Second, the Court finds that nothing in Section 2254 would allow Magistrate Judge Baughman to transform Washington's federal habeas corpus petition into a civil action for damages as Petitioner requests. Finally, in his January 31, 2007 Report and Recommendation, the magistrate recommends to the Court that it dismiss all of Washington's outstanding motions as moot except any action brought by Petitioner to pursue a Section 1983 claim. *See* Doc. 48 at 3. In its Order the Court does so by dismissing without prejudice Washington's ability to bring a civil rights action.

Finally, in his fourth and fifth objections, Washington complains that Magistrate Judge

Case No. 1:05-CV-577
Gwin, J.

Baughman erred by refusing to revisit and reconsider the Ohio state courts' factual and legal determinations underlying his conviction and appeals. *See* Docs. 51, 52. However, a federal court cannot grant Section 2254 relief unless the petitioner demonstrates "a violation of law clearly established by holdings of the Supreme Court . . . as of the time of the relevant state court decision." *Miller*, F.3d at 614. Washington shows no such violation here.

Additionally, the Court does not find that the Ohio courts' conviction of Washington and rejection of his appeals represent law contrary to, or involved in an unreasonable application of, clearly established federal law. *Simpson*, 238 F.3d at 405. Nothing in the record indicates that Ohio considered Washington's case or appeals based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. *See Miller*, F.3d at 614. Further, the Court presumes the factual findings of the Ohio courts "to be correct." 28 U.S.C. § 2254(e)(1). To rebut this presumption, Washington needs to show by "clear and convincing evidence" that Ohio made erroneous findings. *Id.* Washington does not do so and, thus, his petition fails on the merits.

### C. Washington's Outstanding Motions

In addition to his objections to Magistrate Judge Baughman's Report and Recommendation, Docs. 51, 52, Petitioner Washington has filed several related motions, including, *inter alia*, a "Motion for Stay of Proceedings and Amended Order for Bail," Doc. 42; a "Motion (Request) for Expediate [sic] Bond Pending Review," Doc. 54; and, a "Motion to Request a Mandatory Evidentiary Hearing," Doc. 55.

The Court adoption of the Report and Recommendation of Magistrate Judge Baughman and denial of Petitioner Washington's application for habeas corpus moots Washington's motions for bond pending review, Docs. 42, 50, 54, and all other outstanding motions relating to the status and

Case No. 1:05-CV-577
Gwin, J.

pendency of this application, i.e., Docs. 39, 40, 46, 53, 56.

Further, because the record shows that Section 2254 does not entitle Washington to relief, the Court need not conduct an evidentiary hearing to resolve this application.  The Sixth Circuit has held that "a habeas petitioner is generally entitled to such a hearing if he alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing."  *Sawyer v. Hofbauer*, 299 F.3d 605, 610 (6th Cir. 2002) (internal quotations omitted).  Here, Washington does not allege a factual dispute that raises sufficient reason for release.  *See* Docs. 51, 52, 55.  Thus, the Court denies Washington's request for an evidentiary hearing.

### IV.  Conclusion

For these reasons, the Court **ADOPTS** the findings of the Magistrate Judge and **DENIES** Washington's application for writ of habeas corpus.  Accordingly, the Court deems as **MOOT** all other pending motions, except that seeking to convert Washington's present Section 2254 petition to a Section 1983 action, which the Court **DISMISSES WITHOUT PREJUDICE**.

Accordingly, this action is terminated pursuant to FED. R. CIV. P. 58.  Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and no basis exists upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); FED. R. APP. P. 22(b).

IT IS SO ORDERED.

Dated: May 31, 2007              s/      *James S. Gwin*
                                 JAMES S. GWIN
                                 UNITED STATES DISTRICT JUDGE