UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
DARNELL WASHINGTON,  : CASE NO. 1:05-CV-577
:
Petitioner, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 60]
BENNIE KELLY, :
:
Respondent. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

With this Opinion and Order, the Court considers whether to grant the motion brought by Petitioner Darnell Washington ("Washington") pursuant to Rule 60(b)(4) of the Federal Rule of Civil Procedure requesting "Relief from Judgment" from his earlier state court convictions and sentencing after two jury trials and a series of unsuccessful appeals through the Ohio Supreme Court. [Doc. 60.] *See also State v. Washington*, Case No. 80418, 2002 WL 31401558 (Ohio App. Dist. Oct. 24, 2002). Respondent Warden Bennie Kelly ("Kelly") opposes Washington's instant motion. [Doc. 61.]

For the reasons discussed below, the Court **DENIES** Washington's Rule 60(b)(4) motion. The Court also **NOTICES** the previous entry and continued conditions of its May 31, 2007 Order that terminated this action pursuant to Rule 58 of the Federal Rules of Civil Procedure and issued a certificate of non-appealability in this case pursuant to Sections 1915(a)(3) and 2253(c) of Title 28 of the United States Code. [Doc. 58.]

Case No. 1:05-CV-577
Gwin, J.

## I. Background

Petitioner Washington brings his most recent motion following the Court's May 31, 2007 Opinion and Order that denied denial of his application of writ of habeas corpus. [Doc. 57.] Prior to issuing its May 31, 2007 Opinion and Order, the Court thoroughly considered Petitioner's federal habeas application and the Report and Recommendation of Magistrate Judge William H. Baughman, Jr. This Court denied Washington's application as time-barred. *See* Docs. 48, 57. The Court also terminated this action pursuant to Rule 58 of the Federal Rules of Civil Procedure and issued a certificate of non-appealability pursuant to Sections 1915(a)(3) and 2253(c) of Title 28 of the United States Code. [Doc. 58.]

Washington's instant motion does not challenge the Court's earlier finding on his application for writ of habeas corpus. *See* Doc. 60. Instead, Petitioner Washington re-raises the validity of a October 1999 search warrant that he continues to characterize as "void." *Id.* With this motion, Washington again says that the Ohio courts wrongfully considered evidence gained from the search incident to the warrant in his criminal conviction, sentencing, and denial of appeals. *Id.* Washington asks the Court to "take judicial notice" under Rule 201 of the Federal Rules of Evidence of the search warrant's "void" nature and grant him relief from his state court convictions pursuant to Federal Rule of Civil Procedure 60(b)(4). *Id.*

Respondent Kelly notes that "Washington previously raised this same issue no less than 26 times during the course of the proceedings for his federal habeas corpus proceedings [sic]." [Doc. 61.] Kelly also notes that "[n]othing in Washington's present motion negates the fact that his [federal habeas] petition was not timely filed or that this Court erred in dismissing it [as] such." *Id.* As a result, Kelly opposes Petitioner's motion, which Kelly asks the Court to "overrule[]." *Id.*

Case No. 1:05-CV-577
Gwin, J.

## II.  Legal Standard

Under Rule 60(b)(4) of the Federal Rules of Civil Procedure, a court "may relieve a party . . . from a final judgment, order, or proceeding . . . [if] the judgment is void."  FED. R. CIV. P. 60(b)(4).  "For the purposes of Rule 60(b)(4), a judgment is void if a court entered its order outside its legal powers, . . . [or if] the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law."  *Jalapeno Prop. Mgmt., LLC v. Dukas*, 265 F.3d 506, 516 (6th Cir. 2001) (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995)).  Thus, the scope of the Rule goes to legally-impermissible judgments, rather than errors of law or a petitioner's objection to an adverse outcome, which he may properly pursue on appeal rather than through operation of Rule 60(b)(4).  *Id.* at 515-16.

Rule 201(a) of the Federal Rule of Evidence allows a court to take judicial notice of "adjudicative facts" that the rules narrowly define to include only those "not subject to reasonable dispute in that [they are] either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  FED. R. EVID. 201(b).  "A high degree of indisputability is the essential prerequisite" of adjudicative facts.  *Id.* at 201(a) advisory committee's note.

## III.  Analysis

With his most recent request, Petitioner Washington presents the Court with an ungrantable motion.

First, the scope of Rule 60(b)(4) does not reach Washington's complaint, namely, that the Ohio courts based his conviction and sentencing on impermissible evidence.  In his instant motion, Washington does not present new facts or argument that the Ohio courts entered orders against him

-3-

Case No. 1:05-CV-577
Gwin, J.

outside their legal powers, lacked jurisdiction over the subject matter of his proceedings, wrongfully exercised jurisdiction over his person, or acted against him in contravention of federal due process requirements. In short, Washington does not appropriately invoke Rule 60(b)(4) to ask the Court for "Relief from Judgment" from an evidentiary issue first decided in October 1999. As a result, his motion fails.

Second, as the Court stated in its May 31, 2007 Opinion and Order, Washington's dissatisfaction with the October 1999 search warrant does not rise to a constitutional claim properly considered within the context of his previous federal application for writ of habeas corpus. *See* Doc. 57 at 14. Even though time-barred, the Court considered the merits of Washington's application and found that

> [n]othing in the record indicates that Ohio considered Washington's case or appeals based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. . . . Further, the Court presumes the factual findings of the Ohio courts "to be correct." 28 U.S.C. § 2254(e)(1). To rebut this presumption, Washington needs to show by "clear and convincing evidence" that Ohio made erroneous findings. Washington does not do so and, thus, his petition fails on the merits.

*Id.* (citations omitted). Aptly noted by Respondent Kelly, Petitioner Washington's current motion raises an issue that the Court has considered multiple times in varying contexts, including this one. Washington presents nothing different here than he has previously. Consequently, Washington again fails to show that Ohio violated his "due process rights" protected by Rule 60(b)(4). Again, Petitioner's motion fails.

As with his federal habeas application, so too with his instant Rule 60(b)(4) motion: Washington does not present the Court with any "clear and convincing" evidence of any colorable violation of his federal rights. Regardless of the lack of any new evidence, Washington's request

-4-

Case No. 1:05-CV-577
Gwin, J.

that the Court take "judicial notice" of the "void" nature of the October 1999 search warrant goes well-beyond the "high degree of indisputability" required as the "essential prerequisite" for any such notice under Rule 201(b) of the Federal Rules of Evidence. Thus, the Court has no new evidentiary basis upon which to grant Petitioner's requested relief and his motion fails.

### IV.  Conclusion

For the reasons discussed below, the Court **DENIES** Washington's Rule 60(b)(4) motion. The Court also **NOTICES** the previous entry and continued conditions of its May 31, 2007 Order that terminated this action pursuant to Rule 58 of the Federal Rules of Civil Procedure and issued a certificate of non-appealability in this case pursuant to Sections 1915(a)(3) and 2253(c) of Title 28 of the United States Code. [Doc. 58.]

IT IS SO ORDERED.


Dated:  June 27, 2007              s/          *James S. Gwin*
                                   JAMES S. GWIN
                                   UNITED STATES DISTRICT JUDGE