UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
DARNELL WASHINGTON :
: CASE NO. 1:05-CV-577
       Petitioner, :
:
vs. : OPINION & ORDER
: [Resolving Doc. Nos. 77, 78.]
BENNIE KELLY :
:
       Respondent. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Before the Court are Petitioner Darnell Washington's motions to dismiss his state court conviction due to prosecutorial misconduct under Federal Rule of Civil Procedure 60(b)(6) and 12(b)(1), [Doc. 77.], and for judicial notice pursuant to Federal Rule of Evidence 201(d). [Doc. 78.] The Court **DENIES** Washington's Rule 60(b)(6) motion because it is effectively a second (or successive) petition for federal habeas corpus relief. Further, the Court **DENIES** as moot Washington's motion for judicial notice.

**I. Background**

Petitioner Washington was convicted on retrial by a Cuyahoga County jury on numerous charges of trafficking in cocaine and preparation of cocaine for sale, with schoolyard specifications, as well as possession of cocaine and possession of criminal tools. *State v. Washington*, No. 80418, 2002 WL 31401558, ¶ 1 (Ohio Ct. App. Oct. 24, 2002). Washington raised fourteen assignments

Case No. 1:05-CV-577
Gwin, J.

of error to the state court of appeals, which ultimately affirmed Washington's convictions. *See id.* ¶ 95. The Supreme Court of Ohio also upheld Washington's convictions. [Doc. 44, Att. 37.]

On February 15, 2005, Petitioner Washington, proceeding *pro se*, filed a federal habeas corpus petition pursuant to 28 U.S.C. § 2254 in this Court. [Doc. 1.] Included among Washington's nine grounds for relief was the assertion that "[t]he misconduct of former corrupt prosecutor Aaron Phillips tainted the proceedings denying the [P]etitioner a fair trial guaranteed by the provision of the Due Process Clause of the Fourteenth Amendment . . . ." [*Id.* at 6.] On May 31, 2007, the Court denied Washington's petition for a writ of habeas corpus because it was untimely and non-meritorious. [Doc. 57.]

After the Court denied his habeas petition, Washington appealed to the Sixth Circuit. [Doc. 63.] While his appeal was pending, Washington filed a number of motions that, in sum, sought relief from his state court convictions and from the Court's decision to deny Washington's petition for a writ of habeas corpus. The Court denied these motions based on a lack of jurisdiction. [Docs. 68, 71, 73.] On January 24, 2008, the Sixth Circuit denied Washington's application for a certificate of appealability, [Doc. 75.], and, on June 13, 2008, it denied Washington's petition for rehearing. [Doc. 76.]

On November 26, 2008, Petitioner Washington filed a motion to dismiss his state court conviction due to prosecutorial misconduct under Federal Rule of Civil Procedure 60(b)(6) and 12(b)(1). [Doc. 77.] Washington also filed a motion requesting judicial notice pursuant to Federal Rule of Evidence 201(d). [Doc. 78.] The Government did not respond to either motion.

Case No. 1:05-CV-577
Gwin, J.

## II. Legal Standard and Analysis

Petitioner Darnell Washington moves this Court for a dismissal of his state court conviction due to prosecutorial misconduct under Federal Rule of Civil Procedure 60(b)(6). [Doc. 77.] Specifically, Washington alleges in this motion and in his accompanying motion for judicial notice pursuant to Federal Rule of Evidence 201(d), [Doc. 78.], that he was denied his right to a fair trial based on the misconduct of former prosecutor Aaron Phillips, as well as the potential misconduct of Judge Bridget McCafferty. [Doc. 77 at 1.] Because Washington's 60(b)(6) motion is, in effect, a second petition for a writ of habeas corpus, the Court denies this motion. Consequently, the Court denies as moot Washington's motion for judicial notice.

In *Gonzalez v. Crosby*, 545 U.S. 524, 530-531 (2005), the Supreme Court held that a "Rule 60(b) motion filed by a habeas petitioner is . . . ., if not in substance a 'habeas corpus application,' at least similar enough that failing to subject it to the same requirements would be 'inconsistent with' [AEDPA]." The Supreme Court reasoned that "[u]sing Rule 60(b) to present new claims for relief from a state court's judgment of conviction – even claims couched in the language of a true Rule 60(b) motion – circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." *Id.* at 531. Moreover, the Supreme Court stated that in addition to substantively conflicting with AEDPA standards, "use of Rule 60(b) [motions in this manner] would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar." *Id.*; *see also* 28 U.S.C. § 2244(b)(3).

To determine whether a Rule 60(b) motion advanced one or more "claims," thereby transforming it into a second or successive habeas petition, the *Gonzales* Court analyzed whether the

Case No. 1:05-CV-577
Gwin, J.

motion sought to add a new ground for relief or attacked the federal court's previous resolution of a claim on the merits. 545 U.S. at 532. The term "on the merits," in this context, referred "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)," *id.* at n. 4, as opposed to a ruling that "precluded a merits determination – for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.*

The Sixth Circuit has also held that "[a] 60(b) motion to reconsider the denial of a petition for a writ of habeas corpus will be treated as a successive motion for a writ of habeas corpus." *Buell v. Anderson*, 48 Fed. Appx. 491, 495 (6th Cir. 2002). In *Buell*, the Sixth Circuit concluded that the petitioner's Rule 60(b)(6) motion – effectively a successive petition for a writ of habeas corpus – failed because he did not request an order from the appropriate court of appeals authorizing the district court to consider the motion. *Id.*; *see also Long v. Kentucky*, 80 Fed. Appx. 410, 413 (6th Cir. 2003). The *Buell* court reasoned that the petitioner's claim was, in substance, a repetition of his previous attack on the state court proceedings, that the petitioner had failed to "meet the AEDPA requirement of clear and convincing evidence of innocence . . . and, crucially, the requirement of impossibility of earlier discovery of the factual predicate with due diligence . . . .," and that the petitioner did not file his motion within the one-year time limit on Rule 60(b) motions. *Id.* at 496.

In this case, Petitioner Washington has filed a Rule 60(b)(6) motion that advances the same claim of prosecutorial misconduct that he presented to the Court in his previous petition for federal habeas corpus relief. Although the Court determined that Washington's habeas petition was untimely, it went on to hold that it failed on the merits. [Doc. 57.] Washington's 60(b)(6) motion can therefore be considered a second or successive habeas petition. Under 28 U.S.C. § 2244(b)(1), the

Case No. 1:05-CV-577
Gwin, J.

Court must dismiss the motion because it contains a "claim presented in a second or successive habeas corpus application under [S]ection 2254 that was presented in a prior application." As a result, the Court denies Petitioner Darnell Washington's Rule 60(b)(6) motion and denies as moot Washington's accompanying motion for judicial notice. The Court will not issue a certificate of appealability in this case because the Petitioner cannot show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the [Court] was correct in its . . . ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Washington's 60(b)(6) motion and **DENIES** as moot Washington's motion for judicial notice. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and no basis exists upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

Dated: December 11, 2008      s/    *James S. Gwin*
                              JAMES S. GWIN
                              UNITED STATES DISTRICT JUDGE