UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| DARNELL WASHINGTON,<br>Petitioner,<br><br>vs.<br><br>BENNIE KELLY<br><br>Respondent. | CASE NO. 1:05-CV-577<br><br>OPINION & ORDER<br>[Resolving Doc. Nos. 80, 81, 82 & 83.] |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Before the Court are Petitioner Darnell Washington's motions for default judgment, reconsideration of the Court's December 11, 2008 opinion and order, and disqualification of the tribunal. For the following reasons, the Court **DENIES** the Petitioner's motions.

## I. Background

Petitioner Washington was convicted on retrial by a Cuyahoga County jury on numerous charges of trafficking in cocaine and preparation of cocaine for sale, with schoolyard specifications, as well as possession of cocaine and possession of criminal tools. *State v. Washington*, No. 80418, 2002 WL 31401558, ¶ 1 (Ohio Ct. App. Oct. 24, 2002). Washington raised fourteen assignments of error to the state court of appeals, which ultimately affirmed Washington's convictions. *See id.* ¶ 95. The Supreme Court of Ohio also upheld Washington's convictions. [Doc. 44, Ex. 34.]

On February 15, 2005, Petitioner Washington, proceeding *pro se*, filed a federal habeas corpus petition pursuant to 28 U.S.C. § 2254 in this Court. [Doc. 1.] On May 31, 2007, the Court

denied Washington's petition for a writ of habeas corpus because it was untimely and nonmeritorious. [Doc. 57.] After the Court denied his habeas petition, Washington appealed to the Sixth Circuit. [Doc. 63.] While his appeal was pending, Washington filed a number of motions that, in sum, sought relief from his state court convictions and from the Court's decision to deny Washington's petition for a writ of habeas corpus. The Court denied these motions based on a lack of jurisdiction. [Docs. 68, 71, 73.] On January 24, 2008, the Sixth Circuit denied Washington's application for a certificate of appealability, [Doc. 75.], and, on June 13, 2008, it denied Washington's petition for rehearing, [Doc. 76.]

On November 26, 2008, Petitioner Washington filed a motion to dismiss his state court conviction due to prosecutorial misconduct under Federal Rule of Civil Procedure 60(b)(6) and12(b)(1). [Doc. 77.] Washington also filed a motion requesting judicial notice pursuant to Federal Rule of Evidence 201(d). [Doc. 78.] On December 11, 2008, the Court denied both of these motions, characterizing the 60(b)(6) motion as a second or successive habeas petition. [Doc. 79.]

On December 29, 2008, Petitioner Washington filed a motion for reconsideration of the Court's December 11, 2008 opinion and order, [Doc. 83], as well as a motion for default judgment relating to the government's failure to respond to Washington's 60(b)(6) motion and motion for judicial notice, [Doc. 81], and a motion to disqualify Judge Gwin from deciding Washington's motion for reconsideration, [Doc. 80, 82.] The Government did not object to these motions. Washington subsequently filed a notice of appeal concerning the Court's December 11, 2008 opinion and order with the Sixth Circuit on January 9, 2009.

## II. Legal Standard

*A. Effect of Notice of Appeal on District Court's Jurisdiction*

Rule 4(a)(4) of the Federal Rules of Appellate Procedure addresses the situation where a party files both a motion for reconsideration in the district court and a notice of appeal in the court of appeals. FED. R. APP. P. 4(a)(4). In such cases, the party's notice of appeal is effectively suspended until the district court addresses the motion for reconsideration. *Id.* ("If a party timely files in the district court . . . [a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59] the time to file an appeal runs for all parties from the entry of the order disposing of [this] motion . . . .").

Under Rule 4(a)(4), the party's notice of appeal is also suspended pending the district court's decision when the party moves the district court (1) for judgment under Federal Rule of Civil Procedure 50(b); (2) to amend or make additional factual findings under Federal Rule of Civil Procedure 52(b), whether or not granting the motion would alter the judgment; (3) for attorney's fees under Federal Rule of Civil Procedure 54 if the district court extends the time to appeal under Federal Rule of Civil Procedure 58; (4) for a new trial under Federal Rule of Civil Procedure 59; or (5) for relief under Federal Rule of Civil Procedure 60 if the motion is filed no later than 10 days after the judgment is entered. *Id.*

*B. Motion for Reconsideration*

The Federal Rules do not describe motions to reconsider. The Sixth Circuit, however, has held that a motion to vacate and reconsider may be treated under Federal Rule of Civil Procedure 59(e) as a motion to alter or amend a judgment. *See* *Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir. 1979) ("[A] motion which asks a court to vacate and reconsider, or even to reverse its prior holding, may properly be treated under Rule 59(e) as a motion to alter or amend a judgment."). Such a motion is extraordinary and is seldom granted because it contradicts notions of finality and repose.

*See* *Wells Fargo Bank v. Daniels*, No. 1:05-CV-2573, 2007 WL 3104760, at *1 (N.D. Ohio Oct. 22, 2007); *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995).

A court may grant a motion to amend or alter judgment if a clear error of law or newly discovered evidence exists, an intervening change in controlling law occurs, or to prevent manifest injustice. *See* *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.'" *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (quoting *In re August 1993 Regular Grand Jury*, 854 F. Supp. 1403, 1408 (S.D. Ind. 1994)). When the "defendant views the law in a light contrary to that of this Court," its "proper recourse" is not by way of a motion for reconsideration "but appeal to the Sixth Circuit." *Dana Corp. v. United States*, 764 F. Supp. 482, 489 (N.D. Ohio 1991).

Rule 59 motions are subject to time limitation. A Rule 59(e) motion to alter or amend judgment "must be filed no later than 10 days after the entry of the judgment."[1/] FED. R. CIV. P. 59(e).

*C. Disqualification of District Judge*

Under 28 U.S.C. § 455, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Further, a judge must also recuse himself from a proceeding when, among other reasons, "he has a personal bias or prejudice

[1/] Rule 6 also governs the extension of time in a Rule 59(e) motion. Rule 6(b)(2) states that a "court must not extend the time to act" under Rule 59(e), except as that Rule provides. FED. R. CIV. P. 59(e).

concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," 28 U.S.C. § 455(b)(1), or he is "to the judge's knowledge likely to be a material witness in the proceeding," 28 U.S.C. § 455(b)(5)(iv).

A judge can be disqualified on the basis of prejudice or bias only if this prejudice or bias is personal or extrajudicial. *See* *United States v. Hartsel*, 199 F.3d 812, 820 (6th Cir. 1999). "'Personal [or extrajudicial]' bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases." *Youn v. Track, Inc.*, 324 F.3d 409, 423 (6th Cir. 2003). In arguing for the recusal of a judge, a movant must also "'point to any specific facts [judge] obtained from presiding over [other cases] which would raise a question about his impartiality.'" *United States v. Jamieson*, 427 F.3d 394, 405 (6th Cir. 2005) (citing *Hartsel*, 199 F.3d at 820). The movant must also identify "rulings or actions during the [proceeding] that indicate partiality or the use of 'personal knowledge of disputed evidentiary facts' on the part of the district judge." *Id.*

*D. Motion for Default Judgment in a Habeas Case*

"Default judgments are disfavored in habeas corpus cases." *Melville v. United States*, No. 2:06-CV-992, 2008 WL 2682853, at *1 (S.D. Ohio July 1, 2008) (citing *Bleitner v. Welborn*, 15 F.3d 652, 653 (7th Cir.1994)); *see also* *Hale v. Lockhart*, 903 F.2d 545, 547-48 (8th Cir.1990); *Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir.1987). According to the Sixth Circuit, the "failure of State officials to file a timely return does not relieve the prisoner of his burden of proof. Default judgments in habeas corpus proceedings are not available as a procedure to empty State prisons without evidentiary hearings." *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970). Thus, even when "a respondent fails entirely to respond to a § 2255 petition[,] a federal [d]istrict [c]ourt should ordinarily

proceed to the merits of the claims rather than enter a judgment of default." *Melville*, 2008 WL 2682853, at *1; *see also* *Dowdy v. Sherry*, No. 06-CV-10735, 2008 WL 5188827, at *3 (E.D. Mich. Dec. 10, 2008); *Cottrell v. Ohio*, No. 1:07-CV-201, 2007 WL 2893407, at * 3 (S.D. Ohio Oct. 1, 2007).

**III. Analysis**

In light of Petitioner Washington's filing of a notice of appeal with the Sixth Circuit and pursuant to Federal Rule of Appellate Procedure 4(a)(4), the Court does not have jurisdiction to consider Washington's motion for default judgment or his motion to disqualify Judge Gwin from deciding Washington's motion for reconsideration. Even if the Court did have jurisdiction to decide these motions, it would deny them. The Court does retain jurisdiction to consider Washington's motion to reconsider and it denies this motion because it is non-meritorious.

Filing a motion for default judgment or a motion to disqualify a judge does not suspend a notice of appeal pending a district court's decision pursuant to Federal Rule of Appellate Procedure 4(a)(4). As a result, the Court does not have jurisdiction to rule on these two motions following Washington's filing of a notice of appeal with the Sixth Circuit. Even if the Court did consider both motions on the merits, it would deny them.

First, the Sixth Circuit and a number of district courts in this Circuit have held that default judgments should not be granted in habeas corpus cases. Thus, the Court would deny Washington's motion for default judgment that relates to his habeas action.

Second, Washington has presented no evidence suggesting that Judge Gwin obtained specific facts from other cases that "would raise a question about his impartiality.'" *Jamieson*, 427 F.3d at 405 (citing *Hartsel*, 199 F.3d at 820). Indeed, the extent of Washington's evidence regarding Judge

Gwin's personal bias is his assertion that "the Court didn't consider [any] of the overwhelming evidence of misconduct and corruption [in Washington's 60(b)(6) motion][,] [s]o it would be next to impossible for him to fairly decide the [m]otion for [r]econsideration before the Court[]." [Doc. 82 at 2.]

Petitioner Washington also offers no support for his contention that Judge Gwin knew that he would have to testify as a material witness in the proceeding. Washington merely states that "[t]he [J]udge will be called as a material witness in the petitioner's 42 U.S.C.A. § 1983 [case] . . . concerning the validity of the void search warrant he justified in the [s]tate [c]ourt wrongful conviction [case]." [*Id.* at 3.] As a result, the Court would deny Washington's motion for disqualification of Judge Gwin from considering Washington's motion for reconsideration.

Finally, the Court does have jurisdiction over Washington's motion for reconsideration under Federal Rule of Appellate Procedure 4(a)(4). The Court denies this extraordinary motion because Washington does not present any evidence that clear error or newly discovered evidence exists, an intervening change in controlling law has occurred, or that manifest injustice would be prevented if the Court grants the motion for reconsideration. Indeed, Washington's motion to reconsider merely repeats the same arguments he made in his 60(b)(6) motion and in his motion for judicial notice – motions that the Court denied, after careful consideration, with its December 11, 2008 opinion and order.

## IV. Conclusion

For the reasons stated above, the Court **DENIES** Petitioner Darnell Washington's motions

for default judgment, reconsideration of the Court's December 11, 2008 opinion and order, and disqualification of the tribunal.

IT IS SO ORDERED.

Dated: January 30, 2009

s/ *James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE