UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

DARNELL WASHINGTON,

      Petitioner,

      v.

BENNIE KELLY,

      Respondent.

------------------------------------------------------

CASE NO. 1:05-CV-577

OPINION & ORDER
[Resolving Docs. 102, 103, 104, 106 & 107.]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Before the Court are the following motions of Petitioner Darnell Washington: (1) Federal Rule of Civil Procedure 60(b) motion to vacate this Court's earlier judgment denying habeas relief [Doc. 102]; (2) motion for emergency medical bail pending the Court's resolution of his Rule 60(b) motion [Doc. 103]; (3) request for transcripts of the grand jury proceedings that led to his underlying state-court indictment [Doc. 104]; (4) motion to dismiss Respondent Bennie Kelly's opposition to these motions [Doc. 107]; and (5) motion to disqualify this Court [Doc. 106].

For the following reasons, the Court denies Petitioner Washington's motions.

**Background**

In September 2001, following an appeal and retrial, a Cuyahoga County jury convicted Petitioner Washington on numerous cocaine-related charges. *See State v. Washington*, No. 80418, 2002 WL 31401558, ¶ 1 (Ohio Ct. App. Oct. 24, 2002). The state court of appeals and the Supreme Court of Ohio affirmed Washington's conviction. *See id.* at ¶ 95; Doc. 44, Ex. 34.

Case No. 1:05-CV-577
Gwin, J.

In February 2005, Washington filed a *pro se* federal habeas petition in this Court. [Doc. 1.] In May 2007, the Court denied Washington's petition as both untimely and lacking merit. [Doc. 57.] Washington then appealed that denial to the United States Court of Appeals for the Sixth Circuit. [Doc. 63.] While his appeal was pending, Washington filed a number of motions in this Court seeking relief from his state conviction and from the denial of his habeas petition. The Court denied these motions for lack of jurisdiction. [Doc. 68; Doc. 71; Doc. 73.] Thereafter, the Sixth Circuit denied Washington's application for a certificate of appealability and petition for rehearing. [Doc. 75; Doc. 76.]

Then, in November 2008, Washington moved this Court under Rule 60(b)(6) and Rule 12(b)(1) to dismiss his state conviction as the product of prosecutorial misconduct. [Doc. 77.] The Court denied this motion because it asserted the same claims of prosecutorial misconduct as his earlier habeas petition and was thus a second habeas petition barred by 28 U.S.C. § 2244(b)(1). [Doc. 79.] Washington appealed that denial to the Sixth Circuit. [Doc. 84.]

Washington then filed a flurry of motions in this Court challenging the denial of his second habeas petition, which this Court denied for lack of jurisdiction and lack of merit. [Doc. 81; Doc. 82; Doc. 83; Doc. 87; Doc. 88; Doc. 89; Doc. 91; Doc. 92; Doc. 93; Doc. 94; Doc. 95; Doc. 96.] Washington again appealed to the Sixth Circuit. [Doc. 97.]

The Sixth Circuit denied Washington's motion for a certificate of appealability, his motion for judicial notice, his motion to vacate, and his motion to reconsider. [Doc. 99; Doc. 100; Doc. 101.]

Washington has now filed five additional motions in this Court. First, he moves under Rule 60(b) to vacate this Court's denial of habeas relief. [Doc. 102.] Second, he moves for emergency

-2-

Case No. 1:05-CV-577
Gwin, J.

medical bail pending the resolution of his Rule 60(b) motion. [Doc. 103.] Third, he requests transcripts of the grand jury proceedings that led to his underlying state-court indictment. [Doc. 104.] Fourth, he moves to dismiss Respondent Bennie Kelly's opposition to these motions. [Doc. 107.] Finally, he moves to disqualify this Court. [Doc. 106.]

**Analysis**

*1. Motion to disqualify*

Washington's motion to disqualify this Court lacks merit. Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Here, Washington's only claim challenging this Court's impartiality is that the Court erroneously denied his earlier 60(b) motions and thus cannot grant his most recent 60(b) motion without overruling those earlier decisions. This supposed "bias" is not ground for disqualification; otherwise, no judge could ever entertain a reconsideration motion. *See In re Triple S Rests., Inc.,* 422 F.3d 405, 417 (6th Cir. 2005) (noting that "'[t]he words [bias and prejudice] connote a favorable or unfavorable disposition or opinion that is somehow *wrongful* or *inappropriate*, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess . . . or because it is excessive in degree'") (citation omitted) (alterations and emphasis in original).

Thus, the Court denies Washington's motion for disqualification.

*2. Rule 60(b) motion and related motions*

Like his November 2008 Rule 60(b) motion, Washington's present Rule 60(b) motion asserts the same claims of prosecutorial misconduct raised in his initial habeas petition. [Doc. 77; Doc. 79; Doc. 102.] Thus, 28 U.S.C. § 2244(b)(1) dictates that this Court deny the motion. *See* 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section

-3-

Case No. 1:05-CV-577
Gwin, J.

2254 that was presented in a prior application shall be dismissed.").

Further, the Court's denial of Washington's Rule 60(b) motion renders his remaining motions moot. Thus, the Court denies Washington's motion for emergency medical bail pending resolution of his Rule 60(b) motion, his request for a transcript of the grand jury proceedings to support his Rule 60(b) motion, and his motion to dismiss Respondent Kelly's opposition to those motions. [Doc. 103; Doc. 104; Doc. 107.]

### Conclusion

For the foregoing reasons, the Court **DENIES** Petitioner Washington's motions.

IT IS SO ORDERED.


Dated: February 17, 2010	s/     *James S. Gwin*
                                              JAMES S. GWIN
                                              UNITED STATES DISTRICT JUDGE